UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| TRINA SOLAR ENERGY CO., LTD. ET AL., ) | |
| ) | |
| Consolidated Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| JA SOLAR TECHNOLOGY YANGZHOU CO., ) | |
| LTD. ET AL., ) | |
| ) | |
| Consolidated Plaintiffs and ) | Consol. Ct. No. 20-03743 |
| Plaintiff-Intervenors, ) | |
| ) | |
| and ) | |
| ) | |
| SHANGHAI BYD CO., LTD. ET AL., ) | |
| ) | |
| Consolidated Plaintiffs and ) | |
| Plaintiff Intervenors, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, and ) | |
| ) | |
| SUNPOWER MANUFACTURING OREGON, LLC, ) | |
| ) | |
| Defendant-Intervenor and ) | |
| Consolidated Defendant Intervenor ) | |

**RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF-INTERVENORS JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD. AND JINGAO SOLAR CO., LTD.**

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, Consolidated

Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar

Technology Co., Ltd. and JingAo Solar Co., Ltd. (collectively, "JA Solar"), hereby move for judgment upon the agency record. JA Solar challenges certain aspects of the final results of the December 1, 2017 through November 30, 2018 administrative review of the antidumping duty order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules ("solar cells") from China conducted by the U.S. Department of Commerce ("Commerce"). See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2017-2018, 85 Fed. Reg. 62,275 (Dep't of Commerce Oct. 2, 2020) ("Final Results"). Particularly, JA Solar seeks judgment on the agency record because, for the factual and legal reasons outlined in JA Solar's Memorandum of Points and Authorities in support of this Motion, the record reflects that Commerce's actions, as set forth below, were unsupported by substantial evidence and otherwise not in accordance with law.

JA Solar respectfully requests that the Final Results be remanded to Commerce to recalculate the dumping margin applicable to Plaintiff Risen Energy Co., Ltd. ("Risen") and Consolidated Plaintiffs Trina Solar Energy Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd., Turpan Trina Solar Energy Co., Ltd., Hubei Trina Solar Energy Co., Ltd., Trina Solar (Hefei) Science & Technology Co., Ltd., and Changzhou Trina Hezhong Photoelectric Co., Ltd., (collectively, "Trina") and assign JA Solar a revised separate rate equal to the average of the dumping margins recalculated for Risen and Trina with respect to the following errors:

1. Commerce's selection of Malaysia as the primary surrogate country despite record evidence establishing that Bulgaria better satisfied Commerce's surrogate country selection criteria;

2. Commerce's use of the average unit value of Malaysian imports classified under Harmonized Tariff Schedule ("HTS") subheading 7115.90.10 to value the mandatory respondents' purchases of silver paste despite record evidence showing it was not the best available information to value this input, as well as Commerce's decision to supplement the record with information corroborating the Malaysian silver paste value when Sunpower Manufacturing Oregon, LLC failed to support its proposed silver paste value with adequate information;

3. Commerce's use of the average unit values of Malaysian imports classified under HTS 3920.62.1000 and HTS 3920.10.1900 to calculate the surrogate values for Risen's backsheet and EVA sheet, respectively, instead of the more specifics HTS subheadings for Risen's inputs, i.e., HTS 3920.62.1000 for the backsheet and HTS 3920.10.1900 for the EVA sheet, that were the best available information on the record;

4. Commerce's calculation of surrogate financial ratios for overhead, SG&A, and profit where the agency unreasonably re-allocated costs from the denominator of the financial ratios to the numerator and double-counted labor and energy expenses;

5. Commerce's decision to apply adverse facts available by using the highest consumption rates reported by Risen and Trina to value the factors of production of the respondents' unaffiliated suppliers of solar cells and panels despite the mandatory respondents' full cooperation to the best of their ability in the administrative review.

The Final Results were not supported by substantial record evidence and were otherwise not in accordance with law. The Court should grant JA Solar's motion for judgment on the agency record and remand the Final Results to Commerce for a determination in accordance with the points of law outlined above and discussed in depth in Trina's and Risen's Rule 56.2 motions and accompanying briefs.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: <u>April 29, 2021</u> | /s/ Jeffrey S. Grimson<br>Jeffrey S. Grimson<br>Sarah M. Wyss<br>Bryan P. Cenko<br>Mowry & Grimson, PLLC<br>5335 Wisconsin Avenue NW, Suite 810<br>Washington, DC 20015<br>202-688-3610 (phone)<br>trade@mowrygrimson.com<br>*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.* |