UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| RISEN ENERGY CO., LTD., | ) | |
| Plaintiff, | ) ) ) ) | |
| TRINA SOLAR ENERGY CO., LTD. ET AL., | ) ) | |
| Consolidated Plaintiffs, | ) ) ) | |
| and | ) ) | |
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. ET AL., | ) ) ) | |
| Consolidated Plaintiffs and Plaintiff-Intervenors, | ) ) ) ) | Consol. Ct. No. 20-03743 |
| and | ) ) | |
| SHANGHAI BYD CO., LTD. ET AL., | ) ) | |
| Consolidated Plaintiffs and Plaintiff-Intervenors | ) ) ) ) | |
| v. | ) ) | |
| UNITED STATES, | ) ) | |
| Defendant, and | ) ) ) | |
| SUNPOWER MANUFACTURING OREGON, LLC, | ) ) ) | |
| Defendant-Intervenor and Consolidated Defendant Intervenor | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF-INTERVENORS JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD. AND JINGAO SOLAR CO., LTD.**

        /s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*

Dated: April 29, 2021

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ ii
**ADMINISTRATIVE DETERMINATION SOUGHT TO BE REVIEWED** .......................... 1
**ISSUES PRESENTED** ........................................................................................................... 1
**STATEMENT OF FACTS** ..................................................................................................... 3
**STANDARD OF REVIEW** .................................................................................................... 7
**SUMMARY OF ARGUMENT** .............................................................................................. 8
**ARGUMENT** ............................................................................................................................ 8
**CONCLUSION** ........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562 (Fed. Cir. 1984) ...................................... 7
Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962) .................................... 7
Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) ............................................................... 7
Consol. Fibers, Inc. v. United States, 32 CIT 24, 35-36, 535 F. Supp. 2d 1345, 1354 (2008) ....... 7
Huaiyin Foreign Trade Corp. v. United States, 322 F.3d 1369, 1374 (Fed. Cir. 2003) ................. 7
In re Gartside, 203 F.3d 1305, 1312-13 (Fed. Cir. 2000) ............................................................... 7

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) ......................................................................................................... 7
5 U.S.C. § 706(2)(A) ...................................................................................................................... 7

**Other Authorities**

Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2017-2018, 85 Fed. Reg. 62,275 (Dep't of Commerce Oct. 2, 2020) ............................................................................................................ 1, 5
Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Prelim. Results of Antidumping Duty Administrative Review and Prelim. Determination of No Shipments; 2017-2018, 85 Fed. Reg. 7,531 (Dep't of Commerce Feb. 10, 2020) ........................................................................................................... 4
Initiation of Antidumping and Countervailing Duty Administrative Reviews, 84 Fed. Reg. 9,297 (Dep't of Commerce Mar. 14, 2019) ................................................................................... 3

Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd. (collectively, "JA Solar") hereby submit the following memorandum in accordance with Rule 56.2(c) of the Rules of the U.S. Court of International Trade.

## ADMINISTRATIVE DETERMINATION SOUGHT TO BE REVIEWED

Under 28 U.S.C. § 1581(c), JA Solar challenges certain aspects of the final results of the sixth administrative review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells") from China conducted by the U.S. Department of Commerce ("Commerce").  See <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2017-2018</u>, 85 Fed. Reg. 62,275 (Dep't of Commerce Oct. 2, 2020) ("Final Results") (P.R. 478), and accompanying Issues and Dec. Mem. ("Final I&D Mem.") (P.R. 468).  The review in question covers entries of solar cells during the period December 1, 2017 through November 30, 2018.

## ISSUES PRESENTED

JA Solar seeks judgment on the agency record with respect to five issues related to the dumping margin calculation of Plaintiff Risen Energy Co., Ltd. ("Risen") and Consolidated Plaintiffs Trina Solar Energy Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd., Turpan Trina Solar Energy Co., Ltd., Hubei Trina Solar Energy Co., Ltd., Trina Solar (Hefei) Science & Technology Co., Ltd., and Changzhou Trina Hezhong Photoelectric Co., Ltd., (collectively, "Trina"), the mandatory respondents in the underlying administrative proceeding.

1

1. **Whether Commerce's selection of Malaysia as the primary surrogate country instead of Bulgaria was supported by substantial evidence and otherwise in accordance with law.**

Commerce's selection of Malaysia as the primary surrogate country despite record evidence establishing that Bulgaria better satisfied Commerce's surrogate country selection criteria, was not based on substantial evidence and otherwise not in accordance with law.

2. **Whether Commerce's choice of data to value silver paste and the decision to supplement the record with information corroborating the Malaysian silver paste value was supported by substantial evidence and otherwise in accordance with law.**

Commerce's use of the average unit value of Malaysian imports classified under Harmonized Tariff Schedule ("HTS") subheading 7115.90.10 to value the mandatory respondents' purchases of silver paste and the agency's decision to supplement the record with information corroborating this surrogate value was arbitrary, not based on substantial evidence and otherwise not in accordance with law because Commerce failed to use the best available information to value this input and unreasonably supplemented the record when SunPower Manufacturing Oregon, LLC failed to support its proposed Malaysian silver paste value with adequate information.

3. **Whether Commerce's selection of certain data to value Risen's backsheet and Ethylene Vinyl Acetate ("EVA") sheet was supported by substantial evidence and otherwise in accordance with law.**

Commerce's use of the average unit values of Malaysian imports classified under HTS 3920.62.1000 and HTS 3920.10.1900 to calculate the surrogate values for Risen's backsheet and EVA sheet, respectively, instead of the more specific HTS subheadings for Risen's inputs, i.e., HTS 3920.62.1000 for the backsheet and HTS 3920.10.1900 for the EVA sheet, was not supported by substantial evidence and otherwise not in accordance with law.

4. **Whether Commerce's calculation of the surrogate financial ratios was supported by substantial evidence and otherwise in accordance with law.**

Commerce's calculation of surrogate financial ratios for overhead, SG&A, and profit was not based on substantial evidence and otherwise not in accordance with law because Commerce unreasonably re-allocated costs from the denominator of the financial ratios to the numerator and double-counted labor and energy expenses.

5. **Whether Commerce's determination to apply adverse facts available ("AFA") in selecting missing factors of production ("FOP") data was supported by substantial evidence and otherwise in accordance with law.**

Commerce's decision to apply AFA by using the highest consumption rates reported by Risen and Trina to value the FOPs of the respondents' unaffiliated suppliers of solar cells and panels despite the mandatory respondents' full cooperation to the best of their ability in the administrative review, was not supported by substantial evidence and otherwise not in accordance with law.

## STATEMENT OF FACTS

On March 14, 2019, in response to review requests from numerous parties, including JA Solar, Commerce initiated the sixth administrative review of the antidumping duty order on solar cells from China covering the period December 1, 2017 through November 30, 2018. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 84 Fed. Reg. 9,297 (Dep't of Commerce Mar. 14, 2019).

On May 6, 2019, Commerce selected two mandatory respondents: (1) Risen and (2) Trina. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Prelim. Results of Antidumping Duty Administrative Review and Prelim. Determination of No Shipments; 2017-2018, 85 Fed. Reg. 7,531 (Dep't of Commerce Feb.

10, 2020) ("Prelim. Results") (P.R. 462), and accompanying Dec. Mem. at 2 ("Prelim. Dec. Mem.") (P.R. 408).

Between August and January 2020, Risen and Trina submitted information related to surrogate country selection and requested that Commerce use Bulgaria as the primary surrogate country given that record evidence showed that a Bulgarian company produced merchandise identical to solar cells, and the best available information on the record for valuing silver paste and solar glass was the Bulgarian import data.  See Prelim. Dec. Mem. at 15 (P.R. 408).

On February 10, 2020, Commerce published the Preliminary Results.  In the Preliminary Results, Commerce determined that JA Solar was entitled to a separate rate of 60.94 percent based on the weighted-average dumping margin for Risen, i.e., 75.23 percent, and Trina, i.e., 46.64 percent, the two mandatory respondents in the administrative review at issue.  See Prelim. Results, 85 Fed. Reg. at 7,533 (P.R. 462).

In the Preliminary Results, Commerce selected Malaysia as the primary surrogate country because Bulgaria was not one of the six countries Commerce identified as comparable to China on the surrogate country list despite record evidence demonstrating Bulgaria better satisfied Commerce's criteria.  See Prelim. Dec. Mem. at 15-16 (P.R. 408).

In conjunction with the Preliminary Results and after the opportunity for interested parties to file new factual information had lapsed, Commerce placed three years of Malaysian import data on the record for the purpose of calculating the silver paste surrogate value.  See Final I&D Mem. at 19, 23 (P.R. 468).  Commerce did not provide any opportunity to the interested parties to rebut the information submitted on silver paste.

On March 13, 2020, JA Solar submitted a letter in lieu of a case brief, concurring with and incorporating by reference the arguments made by Risen and Trina for Commerce's consideration

4

prior to issuing the Final Results. See id. at 2-3.  On March 23, 2020, JA Solar submitted a rebuttal brief incorporating all rebuttal arguments made by Risen and Trina. See id. at 3.

On October 2, 2020, Commerce published the Final Results.  Commerce determined that JA Solar was entitled to a separate rate.  Final Results, 85 Fed. Reg. at 62,276 (P.R. 478). Commerce determined the separate rate assigned to JA Solar to be 68.93 percent based on the weighted-average dumping margin for Risen, i.e., 106.39 percent, and Trina, i.e., 50.33 percent, the mandatory respondents of the sixth administrative review.  See id.

In the Final Results, Commerce continued to use Malaysia as the surrogate country for purposes of calculating normal value and made various surrogate value selections pursuant to that decision, including determining surrogate values for silver paste, backsheet and EVA sheet.  See Final I&D Mem. at 20, 46 (P.R. 468).

Commerce valued Risen's and Trina's silver paste using the average unit value of Malaysian imports classified under HTS 7115.90.10 in the Final Results despite substantial evidence that this value was aberrational, unreliable and not the best available information on the record.  See id. at 20.

In determining the surrogate value for Risen's backsheet, Commerce selected the average unit value of Malaysian imports classified under HTS 3920.62.1000 despite record evidence that HTS 3920.62.9000 is more specific to Risen's backsheet.  See id. at 45-46.

In the Final Results, to value Risen's EVA input Commerce used the average unit value of Malaysian imports classified under HTS 3920.10.1900, which covers "Polymers Of Ethylene: Plates And Sheets: Other Than Rigid{,}" instead of the more specific subheading to Risen's input, HTS 3920.10.1900, applicable to "Polymers Of Ethylene: Other Than Plates And Sheets."

Commerce stated that the former HTS code was proper because "Risen's EVA input is not a plate or sheet but a flexible film." Id. at 46.

In the Final Results, Commerce improperly calculated the surrogate financial ratios for overhead, SG&A, and profit because Commerce unreasonably re-allocated costs from the denominator of the financial ratios to the numerator and double-counted labor and energy expenses. See id. at 47.

In the Final Results, Commerce applied partial AFA to calculate Risen's and Trina's dumping margins on the basis that certain unaffiliated suppliers of solar cells and modules did not report their FOPs. See id. at 5-8. Commerce used AFA against both mandatory respondents despite record evidence showing that Risen and Trina cooperated to the best of their ability in the administrative review with respect to the missing data. See id. Commerce applied the highest consumption quantity reported for each FOP that Risen and Trina used to produce solar cells and solar modules to account for the allegedly missing information. See id. at 10.

On October 6, 2020, Risen and Trina submitted comments alleging a ministerial error in the dumping rates assigned to the two mandatory respondents in the Final Results. See Def.'s Mot. For Leave to, Out of Time, Consider Ministerial Errors Comments, Correct Certain Ministerial Errors, and Publish Am. Results at Attach. A, p. 14 (Nov. 6, 2020), ECF No. 19.

On November 3, 2020, Commerce amended the Final Results. See id. at 5. Commerce increased the separate rate assigned to JA Solar to 95.50 percent based on the weighted-average dumping margin for Risen, i.e., 100.79 percent, and Trina, i.e., 92.52 percent, the two mandatory respondents in the administrative review at issue. See id. at Attach. A, pp. 17-18. Commerce amended the dumping margin for Risen by correcting ministerial errors related to the tempered glass' and junction boxes' surrogate values. See id. at 15-16. Commerce increased the dumping

margin for Trina by including the cost of the silver paste consumed by Trina in its normal value calculation. See id. at 16. At the time of the filing of this brief, the amendment to the Final Results has not been published in the Federal Register.

## STANDARD OF REVIEW

Under the applicable standard of review, as set forth in section 516A(b)(1)(B)(i) of the Tariff Act of 1930, 19 U.S.C. § 1516a(b)(1)(B)(i), "{t}he Court shall hold unlawful any determination, finding or conclusion" of Commerce that is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i) Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Huaiyin Foreign Trade Corp. v. United States, 322 F.3d 1369, 1374 (Fed. Cir. 2003) (internal citation omitted). Substantial evidence supporting an agency determination must be based on the whole record, and the Court shall take into account not only the information that supports the agency's decision but also evidence that "fairly detracts from the substantiality of the evidence." Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562 (Fed. Cir. 1984). Commerce must articulate a "rational connection between the facts found and the choice made." Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962).

In addition, under the Administrative Procedure Act, Commerce's determination must be overturned if it is "arbitrary, capricious,{or} an abuse of discretion." 5 U.S.C. § 706(2)(A). In reviewing an agency decision for arbitrariness, the Court "(1) must consider whether the decision was based on a consideration of relevant factors and whether there has been a clear error of judgment, and (2) analyze whether a rational connection exists between the agency's fact findings and its ultimate action." Consol. Fibers, Inc. v. United States, 32 CIT 24, 35-36, 535 F. Supp. 2d 1345, 1354 (2008) (citing In re Gartside, 203 F.3d 1305, 1312 (Fed. Cir. 2000)).

7

## SUMMARY OF ARGUMENT

In the interests of judicial economy and to avoid unnecessary repetition and duplicative efforts, JA Solar submits this brief to concur with and incorporate by reference all of Risen's and Trina's arguments presented in their Rule 56.2 motions and briefs and joins in the request that this Court issue a decision remanding this case to Commerce with instructions to recalculate the dumping margin applicable to Risen, Trina and the separate rate recipients such as JA Solar. On remand, the Court must instruct Commerce to assign JA Solar a revised separate rate equal to the average of the dumping margins recalculated for Risen and Trina on remand consistent with Risen's and Trina's arguments to the Court.

## ARGUMENT

JA Solar concurs with and incorporates by reference Risen's and Trina's Rule 56.2 motion for judgment on the agency record and accompanying brief. In particular, JA Solar agrees with and incorporates the following arguments presented by each mandatory respondent:

(1) Commerce's selection of Malaysia as the primary surrogate country despite record evidence establishing that Bulgaria better satisfied Commerce's surrogate country selection criteria, was not based on substantial evidence and otherwise not in accordance with law.

(2) Commerce's determination to rely upon the Malaysian silver paste import value was not supported by substantial evidence.

(3) Commerce's surrogate value HTS classification for backsheet and EVA inputs was not supported by substantial evidence.

(4) Commerce's surrogate financial ratio calculation was not supported by substantial evidence and resulted in double-counting energy and labor expenses.

(5) Commerce's application of AFA to Risen's and Trina's unreported FOPs was not supported by substantial evidence and contrary to substantial Court precedent.

## CONCLUSION

The Final Results were not supported by substantial record evidence, were arbitrary and were otherwise not in accordance with law. The Court should grant JA Solar's motion for judgment on the agency record and remand the Final Results to Commerce for a determination in accordance with the points of law outlined above and discussed in depth in Risen's and Trina's Rule 56.2 motions and accompanying briefs.

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*

Dated: April 29, 2021

**Certificate of Compliance with Chambers Procedure 2(B)(1)**

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 2,367 words. This brief thus complies with the Standard Chambers Procedures, which permits briefs of 14,000 words or fewer.

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*

Dated: April 29, 2021