IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD.,<br><br>　　　　Plaintiff,<br><br>TRINA SOLAR ENERGY CO., LTD., *et al.*,<br><br>　　　　Consolidated Plaintiffs, and<br><br>SHANGHAI BYD CO., LTD., *et al.*,<br><br>　　　　Plaintiff-Intervenors,<br><br>　　　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant, and<br><br>SUNPOWER MANUFACTURING OREGON, LLC,<br><br>　　　　Defendant-Intervenor and Consolidated Defendant-Intervenor. | Consol. Court No. 20-03743 |

**CONSOLIDATED PLAINTIFF AND PLAINTIFF-INTERVENORS SHANGHAI BYD CO., LTD. AND CANADIAN SOLAR, ET AL.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 56.2 MOTION FOR JUDGEMENT ON THE AGENCY RECORD**

　　　　　　　　　　　　　　　HOGAN LOVELLS US LLP
　　　　　　　　　　　　　　　Columbia Square Building
　　　　　　　　　　　　　　　555 Thirteenth Street, NW
　　　　　　　　　　　　　　　Washington, DC 20004-1109
　　　　　　　　　　　　　　　Phone:  +1.202.637.5600
　　　　　　　　　　　　　　　Fax:  +1.202.637.5910

　　　　　　　　　　　　　　　*Counsel to Shanghai BYD Co., Ltd. and Canadian Solar, et al.*

April 29, 2021

# TABLE OF CONTENTS

                                                                                       **Page**

I.    ADMINISTRATIVE DETERMINATION SOUGHT TO BE REVIEWED ..................... 1

II.    ISSUES PRESENTED AND SUMMARY OF THE ARGUMENT ................................ 2

III.    STATEMENT OF FACTS ............................................................................................... 5

IV.    STANDARD OF REVIEW ............................................................................................ 10

V.    ARGUMENT ................................................................................................................. 11

VI.    CONCLUSION .............................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) .................................... 11

*Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197,229 (1938) .......................................................... 10

*Daewoo Elecs. Co. v. Int'l Union of Elec., Technical, Salaried & Mach. Workers*, AFL-CIO, 6
    F.3d 1511, 1520 (Fed. Cir. 1993) ........................................................................................ 11

*Gallant Ocean (Thailand) Co. v. United States*, 602 F.3d 1319, 1323 (Fed. Cir. 2010).............. 11

*N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939) .......................... 10

*NSK Ltd. v. United States*, 346 F. Supp. 2d 1312 (CIT 2004) ........................................................ 3

*Transactive Corp. v. United States*, 91 F.3d 232 (D.C. Cir. 1996).................................................. 3

*Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 477 (1951) ................................................. 10

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i)........................................................................................................ 10

19 U.S.C. § 1516a(b)(1)(B)(ii) ................................................................................................. 3, 12

**Administrative Decisions**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the
    People's Republic of China,* 77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012)(amended
    final determination and antidumping duty order) ................................................................... 5

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the
    People's Republic of China*, 85 Fed. Reg. 62,275 (Dep't Commerce Oct. 2, 2020)(final results
    of antidumping duty administrative review and final determination of no shipments; 2017-
    2018) ................................................................................................................................... 2, 9

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the
    People's Republic of China*, 85 Fed. Reg. 68,102 (Dep't Commerce Dec. 9, 2020)(notice of
    correction to the final results of the 2017-2018 antidumping duty administrative review).... 2, 9

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the
    People's Republic of China*, 85 Fed. Reg. 7,531 (Dep't Commerce Feb. 10, 2020)(preliminary
    results of antidumping duty administrative review and preliminary determination of no
    shipments; 2017-2018)............................................................................................................ 7

*Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 84 Fed. Reg. 9,297
    (Dep't Commerce Mar. 14, 2019)........................................................................................... 6

**CONSOLIDATED PLAINTIFF AND PLAINTIFF-INTERVENORS
SHANGHAI BYD CO., LTD. AND CANADIAN SOLAR, ET AL.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
RULE 56.2 MOTION FOR JUDGEMENT ON THE AGENCY RECORD**

Consolidated Plaintiff and Plaintiff-Intervenor Shanghai BYD Co., Ltd. ("Shanghai BYD") and Plaintiff-Intervenors Canadian Solar Inc., Canadian Solar International Limited, Canadian Solar Manufacturing (Changshu), Inc., Canadian Solar Manufacturing (Luoyang), Inc., CSI Cells Co., Ltd., and Canadian Solar (USA) Inc. ("Canadian Solar") (collectively, "Consolidated Plaintiff and Plaintiff-Intervenors") hereby submit the following Memorandum in support of Consolidated Plaintiff and Plaintiff-Intervenors' Motion for Judgment on the Agency Record in accordance with Rule 56.2(c) of the Rules of the United States Court of International Trade. For the reasons set forth below, Shanghai BYD and Canadian Solar respectfully request that the Court reverse the challenged determination of the U.S. Department of Commerce and remand with instructions to recalculate Shanghai BYD's and Canadian Solar's[1] dumping margin in a manner consistent with this Memorandum and the Court's findings.

**RULE 56.2 STATEMENT AND SUMMARY OF ARGUMENT**

**I.      ADMINISTRATIVE DETERMINATION SOUGHT TO BE REVIEWED**

Shanghai BYD and Canadian Solar seek review of the final results issued by the U.S. Department of Commerce, International Trade Administration ("Commerce"), in its sixth administrative review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China, Case No. A-570-979. The final results were published as *Crystalline Silicon Photovoltaic Cells, Whether*

---

[1]     Commerce assigned the antidumping duty margin to the Canadian Solar collapsed entity, which includes Canadian Solar International Limited, Canadian Solar Manufacturing (Changshu), Inc., Canadian Solar Manufacturing (Luoyang), Inc., CSI Cells Co., Ltd., CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd., and CSI Solar Power (China) Inc..

*or Not Assembled Into Modules, From the People's Republic of China*, 85 Fed. Reg. 62,275 (Dep't Commerce Oct. 2, 2020)(final results of antidumping duty administrative review and final determination of no shipments; 2017-2018) ("*Final Results*") (P.R. 478) and accompanying Issues and Decision Memorandum for the Final Results of the 2017-2018 Antidumping Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China, dated September 28, 2020 ("*Final Results IDM*") (P.R. 468), as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 85 Fed. Reg. 68,102 (Dep't Commerce Dec. 9, 2020)(notice of correction to the final results of the 2017-2018 antidumping duty administrative review) (P.R. 498) (collectively, "*Final Results*").[2]  Commerce's period of review ("POR") was December 1, 2017 through November 30, 2018.

## II.     ISSUES PRESENTED AND SUMMARY OF THE ARGUMENT

Shanghai BYD and Canadian Solar seek judgment on the agency record with respect to the following issues raised in Shanghai BYD's Complaint, and the complaints of Plaintiff Risen Energy Co., Ltd. ("Risen") and Consolidated Plaintiffs and Plaintiff-Intervenors Trina Solar Energy Co., Ltd. and certain of its affiliates (collectively, "Trina").  Consolidated Plaintiff and Plaintiff-Intervenors request a corresponding revision to the antidumping duty margins applicable to Risen, Trina, and derivatively for Shanghai BYD and Canadian Solar, as set forth below.

   **1.     Commerce's selection of Malaysia as the primary surrogate country is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to select Malaysia as the primary surrogate country, despite record evidence of serious deficiencies in the Malaysian surrogate value data and

---

[2]     Throughout this brief, citations to the public record are referenced "P.R. ___" and citations to the confidential record are referenced "C.R. ___".

- 2 -

that information from Bulgaria and Romania better satisfied Commerce's surrogate country selection criteria, is unsupported by substantial evidence and is not otherwise in accordance with law. Additionally, Commerce's determination that Bulgaria is not at the same level of economic development as China is both arbitrary and capricious given record data demonstrating to the contrary. *See* 19 U.S.C. § 1516a(b)(1)(B)(ii). Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen and Trina with respect to this issue.

**2.    Commerce's surrogate value selection for silver paste is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to value the mandatory respondents' silver paste using the average unit value ("AUV") of Malaysian imports under Harmonized Tariff Schedule ("HTS") subheading 711.90.10 is unsupported by substantial evidence and is not otherwise in accordance with law where this surrogate value was selected despite substantial evidence and benchmarking data demonstrating that this value was aberrational and therefore not reliable or the best available information and the value selected severely distorted the reported costs. In addition, Commerce's determination to supplement the record with corroborating silver paste information – but refusing to place other surrogate value information on the record that it deemed missing – is arbitrary and capricious and also contrary to its position that interested parties are responsible for building an adequate record. *Transactive Corp. v. United States*, 91 F.3d 232, 237 (D.C. Cir. 1996); *NSK Ltd. v. United States*, 346 F. Supp. 2d 1312, 1333 (CIT 2004) (holding that "respondents have the responsibility of creating an adequate record."). Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen and Trina with respect to this issue.

**3.    Commerce's surrogate value selections for Risen's backsheet and EVA film are not supported by substantial evidence on the record and are contrary to law.**

Commerce's determination in the *Final Results* to value Risen's backsheet using the AUV of Malaysian imports under HTS 3290.62.1000 and Risen's EVA film using Malaysian imports of HTS 3290.10.1900, despite substantial evidence that these AUVs were unreliable and not the best available information, is unsupported by substantial evidence and is not otherwise in accordance with law.  Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen with respect to this issue.

4. **Commerce's calculation of the surrogate financial ratios for overhead, SG&A, and profit components of normal value is not supported by substantial evidence and is contrary to the law.**

Commerce's calculation of the surrogate financial ratios in the *Final Results* for overhead, selling, general & administrative expenses ("SG&A"), and profit components of normal value is unsupported by substantial evidence.  Commerce's assignment of a remainder of cost of goods sold to overhead expenses (the numerator in the ratio) rather than to materials, labor, and energy expenses was incorrect, *inter alia*, because the remaining cost of goods sold figure must contain primarily labor and energy expenses (in the denominator of the ratio) not found elsewhere. Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen and Trina with respect to this issue.

5. **Commerce's application of partial adverse facts available on the basis of certain unaffiliated cell and module suppliers' failure to report their factors of production is not supported by substantial evidence and is contrary to the law.**

Commerce's application of partial adverse facts available ("AFA") to Risen and Trina for missing factors of production ("FOP") data from certain unaffiliated solar cell and module suppliers despite record evidence of the full cooperation of the mandatory respondents throughout the review including multiple efforts to seek this information from the suppliers, including threats by Risen to discontinue future business with the suppliers, is unlawful and is not supported by

- 4 -

substantial evidence on the record. Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen and Trina with respect to this issue.

### 6. Commerce's calculation of the rate applied to BYD and Canadian Solar based on the erroneous rates calculated for Risen and Trina is not supported by substantial evidence and is contrary to law.

The antidumping margins determined for Risen and Trina are unsupported by substantial evidence and are not in accordance with law for the reasons stated. Accordingly those rates should be reconsidered and, as appropriate, recalculated by Commerce consistent with this Court's decision and opinion. Because Shanghai BYD's and Canadian Solar's antidumping margins for the *Final Results*, as amended, are derivative of the rates determined for Risen and Trina, Commerce's antidumping margins for Shanghai BYD and Canadian Solar should likewise be revised to reflect any changes in the antidumping margins ultimately determined for Risen and Trina.

## III. STATEMENT OF FACTS

On December 7, 2012, Commerce published in the *Federal Register* the amended final determination and antidumping duty ("AD") order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China,* 77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012)(amended final determination and antidumping duty order).

In December 2018, Shanghai BYD and Canadian Solar requested that Commerce conduct an administrative review of the AD order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China, and, on March 14, 2019, Commerce initiated the sixth administrative review covering the December 1, 2017 through

November 30, 2018 POR.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 84 Fed. Reg. 9,297, 9,300 (Dep't Commerce Mar. 14, 2019).

On May 6, 2019, Commerce selected Risen and Trina as mandatory respondents in the review.  *See* Memorandum from Jeff Pedersen, Senior International Trade Compliance Analyst, Office IV to Abdelali Elouaradia, Director, AD/CVD Operations, Office IV, regarding 2017-2018 Antidumping Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China: Respondent Selection (Dep't Commerce May 6, 2019) at 5 (P.R. 101; C.R. 31).  Risen and Trina submitted questionnaire responses to Commerce's initial AD questionnaire, a questionnaire regarding double remedies, supplemental questionnaires, and other factual submissions from May 2019 through January 2020.  *See* Memorandum from James Maeder, Deputy Assistant Secretary, AD/CVD Operations to Jeffrey I. Kessler, Assistant Secretary, Enforcement and Compliance, regarding Decision Memorandum for the Preliminary Results of the 2017-2018 Antidumping Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China (Dep't Commerce Jan. 31, 2020) ("PDM") at 2 (P.R. 408).  Risen and Trina also submitted comments on surrogate country selection and surrogate values ("SVs") from August 2019 through January 2020.  *Id*. at 3.

On February 10, 2020, Commerce published the preliminary results of the administrative review and assigned weighted-average dumping margins of 75.23 percent to Risen, 46.64 percent to Trina, and, derivatively, 60.94 percent for Shanghai BYD, Canadian Solar, and the other companies granted separate rate status.  *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 85 Fed. Reg. 7,531 (Dep't Commerce Feb. 10, 2020)(preliminary results of antidumping duty administrative review and

preliminary determination of no shipments; 2017-2018)("*Preliminary Results*") (P.R. 409), and accompanying PDM (P.R. 408).

In the *Preliminary Results*, Commerce selected Malaysia as the surrogate country for purposes of calculating normal value and made various surrogate value ("SV") selections pursuant to that decision, including surrogate values for silver paste, solar glass, junction boxes, backsheet, and EVA sheet. *PDM* at 18; *see also* Memorandum from Jeff Pedersen, International Trade Compliance Analyst, AD/CVD Operations, Office IV, to the File, regarding Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Factor Value Memorandum for the Preliminary Determination (Dep't Commerce Jan. 31, 2020) ("*Prelim SV Memo*") (P.R. 419). Specifically, Commerce adopted an SV for silver paste that was based on Malaysian imports under classified under HTS category 7115.90.1000 ("Articles {not elsewhere specified} of precious metal or of metal clad with precious metal; Of gold or silver"). *Final Results IDM* at 17. Commerce also adopted an SV for the consumption of module glass based on Malaysian import data for tempered glass, classified under HTS category 7007.19.9000 (*i.e.*, Toughened (Tempered) Safety Glass, Not Suitable For Incorporation In Vehicles, Aircraft, Spacecraft Or Vessels; Other). *See id.* at 25. Commerce adopted an SV for junction boxes that was based on Malaysian import data for HTS category 8544.60.1100 (*"For A Voltage Exceed[ing] 1 Kv But <36 Kv: Cables Insulted With Plastics Having A Core Diameter Of<22.7 Mm"). Id.* at 44. Commerce adopted an SV for backsheet that was based on Malaysian imports under classified under HTS category 3920.62.1000 ("Of Poly(Ethylene Terephthalate): Plates and Sheets"). *Id.* at 45. Commerce adopted an SV for EVA sheet that was based on Malaysian imports under classified under HTS category 3920.10.1900 ("Polymers Of Ethylene: Plates And Sheets: Other Than Rigid"). *Id.*

In the *Preliminary Results*, Commerce also applied partial Adverse Facts Available ("AFA") to calculate Risen and Trina's antidumping margin on the basis that certain unaffiliated suppliers of solar cells and modules did not report their factors of production ("FOPs"). *PDM* at 12-13. To account for the missing information, as partial AFA in the *Preliminary Results*, the Department applied the highest consumption quantity reported for each FOP that Risen and Trina used to produce solar cells and solar modules. *See* Memorandum from Jeff Pedersen, International Trade Analyst, to Abdelali Elouaradia, Director, AD/CVD Operations, Office IV, regarding Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Unreported Factors of Production: Risen Energy Co. Ltd. (Dep't Commerce Jan. 31, 2020) (P.R. 438, C.R. 460); Memorandum from Jeff Pedersen, International Trade Analyst, to Abdelali Elouaradia, Director, AD/CVD Operations, Office IV, regarding Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Unreported Factors of Production: Trina Solar Co., Ltd. (Dep't Commerce Jan. 31, 2020) (P.R. 437, C.R. 459).

On March 13, 2020, Shanghai BYD and Canadian Solar timely filed a joint case brief, concurring with and incorporating by reference the arguments made by Risen and Trina, for Commerce's consideration prior to issuing the *Final Results*. Joint Case Brief of Canadian Solar International Limited, et al. and Shanghai BYD (Mar. 13, 2020) (P.R. 442). On March 23, 2020, Shanghai BYD and Canadian Solar submitted a joint letter in lieu of a rebuttal brief incorporating all rebuttal arguments made by Risen and Trina. Letter in Lieu of Rebuttal Brief of Canadian Solar International Limited, et al. and Shanghai BYD (Mar. 23, 2020) (P.R. 450).

On October 2, 2020, Commerce published the *Final Results*. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of*

*China*, 85 Fed. Reg. 62,275 (Dep't Commerce Oct. 2, 2020) (final results of antidumping duty administrative review and final determination of no shipments; 2017-2018) ("*Final Results*") (P.R. 478). Commerce, with certain adjustments, continued to apply partial AFA to calculate Risen and Trina's dumping margin on the basis of the missing FOPs. *Final Results IDM* at 10-17. Furthermore, over the objections raised by Risen and Trina, as well as Shanghai BYD and Canadian Solar by reference, Commerce continued to employ the same SVs for silver paste, junction boxes, backsheet, and EVA sheet relied on in the *Preliminary Results*. *Id.* at 17-24, 44-46. Commerce assigned weighted-average dumping margins of 106.39 percent to Risen, 50.33 percent to Trina, and 68.94 percent to Shanghai BYD, Canadian Solar, and the other non-selected respondents participating in the review. *Final Results* at 62,276.

On December 9, 2020, Commerce amended the *Final Results* to correct certain ministerial errors, revising the weighted-average dumping margins to 100.79 percent for Risen and 92.52 percent for Trina, thereby also revising the dumping margin for separate rate respondents (including Shanghai BYD and Canadian Solar) to 95.50 percent. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 85 Fed. Reg. 68,102 (Dep't Commerce Dec. 9, 2020)(notice of correction to the final results of the 2017-2018 antidumping duty administrative review) (P.R. 498); *see also* Memorandum from Abdelali Elouaradia, Director, AD/CVD Operations, Office IV, to James Maeder, Deputy Assistant Secretary, AD/CVD Operations, regarding Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Allegations of Ministerial Errors in the Final Results (Dep't Commerce Nov. 2, 2020) ("*Ministerial Errors Memorandum*") (P.R. 501). In the *Amended Final Results*, Commerce *inter alia*: (1) revised the surrogate value used to value tempered glass, by applying a value of 1.87 euros per kilogram for

Romanian imports under HTS 7007.19.80.90; (2) revised the surrogate value for junction boxes consumed by Risen, by applying a simple average of Malaysian imports of HTS 8544.42.9400 and HTS 8544.60.1100; and (3) included the cost of silver paste consumed by Trina in the calculation of Trina's normal value. *Ministerial Errors Memorandum* at 2-6.

After publication of the *Final Results*, BYD and Risen timely commenced actions to challenge Commerce's determinations in this administrative review. *See* Summons, October 9, 2020, ECF No. 1; *see also Shanghai BYD Co., Ltd. v. United States*, Ct. No. 20-03761, Summons, Oct. 14, 2020, ECF No. 1. Shanghai BYD's motion to intervene as plaintiff-intervenor in Risen's action was granted on November 4, 2020. *See* Order, Nov. 4, 2020, ECF No. 14. Canadian Solar's motion to intervene as plaintiff-intervenors in Risen's action was also granted on November 10, 2020. *See* Order, Nov. 10, 2020, ECF No. 21. Risen and BYD's actions were subsequently consolidated with the actions of other participants in the administrative review. *See* Order, Dec. 16, 2020, ECF No. 44.

**IV.   STANDARD OF REVIEW**

In appeals of final antidumping duty determinations, the Court shall hold unlawful and remand any administrative determination by Commerce that is "unsupported by substantial evidence on the record or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 477 (1951)(quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). It must be "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established." *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939). In making its judgment, the Court "looks to the record as a whole, including any evidence that fairly detracts from the substantiality of the evidence," *Gallant Ocean (Thailand) Co. v. United States*, 602 F.3d 1319,

1323 (Fed. Cir. 2010) (internal quotation marks and citation omitted), and determines "whether the evidence and reasonable inferences from the record support {the agency's} finding." *Daewoo Elecs. Co. v. Int'l Union of Elec., Technical, Salaried & Mach. Workers*, *AFL-CIO*, 6 F.3d 1511, 1520 (Fed. Cir. 1993) (internal quotation marks and citation omitted). Commerce must provide a "rational connection between the facts found and the choice made." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962).

## V.   ARGUMENT

Plaintiff Risen and Plaintiff-Intervenor Trina have presented compelling arguments on each of their individual motions for judgment on the agency record. In the interest of judicial economy, Shanghai BYD and Canadian Solar will not repeat those arguments here. Shanghai BYD and Canadian Solar instead hereby support, incorporate, and adopt by reference all of Risen's and Trina's arguments to the extent they challenge the rates that Risen and Trina, as mandatory respondents, received from Commerce in the *Final Results*, as amended, and join in their request that the Court issue a decision remanding this case to Commerce with instructions to recalculate Risen's and Trina's AD margins. Shanghai BYD and Canadian Solar further request that the margin assigned to Shanghai BYD and Canadian Solar, as cooperative separate respondents, likewise be revised in accordance with this Court's findings and as a consequence of the correction of the antidumping rates redetermined for Risen and Trina.

In summary, Shanghai BYD and Canadian Solar agree with the following arguments presented by Risen and Trina:

(1) Commerce's determination in the *Final Results* to select Malaysia as the primary surrogate country, despite record evidence of identified deficiencies in the Malaysian surrogate value data and that information from Bulgaria and Romania better satisfied Commerce's surrogate country selection criteria, is unsupported by substantial evidence and is not otherwise in

accordance with law. Additionally, Commerce's determination that Bulgaria is not at the same level of economic development as China is arbitrary and capricious. *See* 19 U.S.C. § 1516a(b)(1)(B)(ii). Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen and Trina with respect to this issue.

(2) Commerce's determination in the *Final Results* to value the mandatory respondents' silver paste using the average unit value of Malaysian imports of HTS 711.90.10 is unsupported by substantial evidence and is not otherwise in accordance with law. The Malaysia SV for silver paste was selected despite substantial evidence and benchmarking data demonstrating that this value was aberrational and therefore not reliable or the best available information and the value selected severely distorted the reported costs. In addition, Commerce's decision to supplement the record with corroborating silver paste information yet its refusal to place other surrogate value information on the record that it deemed was missing is arbitrary and also contrary to its position that the parties are responsible for building an adequate record. Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen and Trina with respect to this issue.

(3) Commerce's determination in the Final Results to value Risen's backsheet using the average unit value of Malaysian imports under HTS subheading 3290.62.1000 and Risen's EVA film using Malaysian imports under HTS subheading 3290.10.1900 is unsupported by substantial evidence and is not otherwise in accordance with law. Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen with respect to this issue.

(4) Commerce's calculation of the surrogate financial ratios in the *Final Results* for overhead, SG&A, and profit components of normal value is unsupported by substantial evidence. Commerce's assignment of a remainder of cost of goods sold to overhead expenses (the numerator

in the ratio) rather than to materials, labor, and energy expenses was incorrect, *inter alia*, because the remaining cost of goods sold figure must contain primarily labor and energy expenses (in the denominator of the ratio) not found elsewhere.  Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen and Trina with respect to this issue.

(5) Commerce's application of partial adverse facts available for missing factors of production data from certain unaffiliated solar cell and module suppliers is unlawful and is not supported by substantial evidence on the record.  Shanghai BYD and Canadian Solar support and incorporate by reference the arguments submitted by Risen and Trina with respect to this issue.

(6) Commerce's determination in the *Final Results* to apply the weighted-average AD margins calculated for Risen and Trina to Shanghai BYD and Canadian Solar is unsupported by substantial evidence and is not otherwise in accordance with law because the AD margins determined for Risen and Trina were not supported by substantial evidence and were not in accordance with law for the reasons summarized above.  Because Shanghai BYD's and Canadian Solar's antidumping margins were determined by, and are derivative of, the dumping margins determined for Risen and Trina, Shanghai BYD's and Canadian Solar's AD margins for the contested 2017-2018 AD review should be redetermined in accordance with this Court's instructions as a consequence of any revisions that are made to Risen's and Trina's AD margins.

## VI.   CONCLUSION

For the foregoing reasons, Shanghai BYD and Canadian Solar respectfully request that the Court grants its Motion for Judgment on the Agency Record.  Shanghai BYD and Canadian Solar respectfully request that this Court remand to Commerce with instructions to recalculate Risen's and Trina's AD margins consistent with the arguments set forth above and those set forth in the motions and accompanying memoranda filed by Risen and Trina.  Shanghai BYD and Canadian Solar further request that the Court instruct Commerce to recalculate the weighted-average AD

margins assigned to Shanghai BYD and Canadian Solar consistent with any changes made to the margins for Risen and Trina.

             Respectfully submitted,

             /s/ Craig A. Lewis
             Craig A. Lewis
             Jonathan T. Stoel
             Lindsay K. Brown

             HOGAN LOVELLS US LLP
             Columbia Square Building
             555 Thirteenth Street, NW
             Washington, DC 20004-1109
             Phone:  +1.202.637.5600
             Fax:  +1.202.637.5910
             E-mail: craig.lewis@hoganlovells.com

             *Counsel to Shanghai BYD Co., Ltd. and Canadian Solar, et al.*

Dated: April 29, 2021

## CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure section 2(B)(1), the undersigned counsel at Hogan Lovells US LLP hereby certifies that this Memorandum in Support of Consolidated Plaintiff and Plaintiff-Intervenors' Rule 56.2(c) Motion for Judgment on the Agency Record complies with the word-count limitation requirement. The memorandum of law contains 4,793 words as computed by Hogan Lovells US LLP's word processing system (Microsoft Word 2010).

Respectfully submitted,

/s/ Craig A. Lewis

Craig A. Lewis

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.5600
Fax: +1.202.637.5910
E-mail: craig.lewis@hoganlovells.com

*Counsel to Shanghai BYD Co., Ltd. and Canadian Solar, et al.*

Dated: April 29, 2021

## CERTIFICATE OF SERVICE

I, Craig A. Lewis, hereby certify that copies of the attached public submission has been served by the Court's CM/ECF system, on April 29, 2021, addressed to the following parties:

**On Behalf of the United States:**

Joshua E. Kurland
U.S. DEPARTMENT OF JUSTICE
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**On Behalf of Risen Energy Co., Ltd.:**

Gregory S. Menegaz
DEKIEFFER & HORGAN, PLLC
1090 Vermont Avenue, NW
Suite 410
Washington, DC 20004

**On Behalf of Trina Solar Energy Co., Ltd. et al.:**

Jonathan M. Freed
TRADE PACIFIC, PLLC
660 Pennsylvania Avenue, SE
Suite 401
Washington, DC 20003

**On Behalf of Wuxi Tianran Photovoltaic Co., Ltd.; Shenzhen Sungold Solar Co., Ltd.:**

William E. Perry
HARRIS BRICKEN MCVAY SLIWOSKI, LLP
600 Stewart Street
Suite 1200
Seattle, WA 98101

**On Behalf of SunPower Manufacturing Oregon, LLC:**

John R. Magnus
TRADEWINS LLC
1330 Connecticut Avenue, NW
Washington, DC 20036

**On Behalf of JA Solar Technology Yangzhou Co., Ltd. et al.:**

Jeffrey S. Grimson
MOWRY & GRIMSON, PLLC
5335 Wisconsin Avenue, NW
Washington, DC 20015

**On Behalf of Yingli Energy (China) Co., Ltd. et al.:**

Richard L.A. Weiner
SIDLEY AUSTIN, LLP
1501 K Street, NW
Washington, DC 20005

**On Behalf of Anji DaSol Energy Science & Technology Co., Ltd.**

Lizbeth R. Levinson
FOX ROTHSCHILD LLP
1030 15th Street, NW
Suite 380 East
Washington, DC 20005


/s/ Craig A. Lewis
Craig A. Lewis
HOGAN LOVELLS US LLP