UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| RISEN ENERGY CO., LTD.,<br>    Plaintiff,<br><br>TRINA SOLAR CO., LTD., JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., ET AL.,<br>    Consolidated Plaintiffs,<br><br>and<br><br>SHANGHAI BYD CO., LTD., ET AL.,<br>    Plaintiffs-Intervenors,<br><br>v.<br><br>UNITED STATES,<br>    Defendant,<br><br>and<br><br>SUNPOWER MANUFACTURING OREGON, LLC<br>    Defendant-Intervenor | Before: Claire R. Kelly, Judge<br>Consol. Court No. 20-3743 |

**CONSOLIDATED PLAINTIFF TRINA'S COMMENTS ON FINAL RESULTS OF REMAND REDETERMINATION**

Consolidated Plaintiffs, Trina Solar Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd., Turpan Trina Solar Energy Co., Ltd., Hubei Trina Solar Energy Co., Ltd., Trina Solar (Hefei) Science & Technology Co., Ltd., and Changzhou Trina Hezhong Photoelectric Co., Ltd,., (hereinafter "Trina"), submit these comments in response to the second remand results filed by the Department of Commerce ("Commerce"). See Final Results of Remand Redetermination Pursuant to Ct. Remand, Risen Energy Co., Ltd., Trina Solar Co., Ltd., et al., and Shanghai BYD Co., Ltd., et al. v. United States, Consol. Ct. No. 20-03743, Slip Op. 22-33 (Apr. 4, 2022) (Sealed Document), ECF No. 138 ("Remand Results").

20-3743– Comment on Remand Redetermination

Trina agrees that the Remand Results—including the recalculation of Trina's weighted-average dumping margin—fully comply with the Court's remand order in Risen Energy Co., Ltd., et al. v. United States, Consol. Court No. 20-03743, Slip Op. 22-33 (Ct. Int'l Trade April 4, 2022) ("Risen Remand Order"). Specifically, the Risen Remand Order instructed Commerce to either reconsider or further explain its determinations with respect to (1) the application of adverse facts available for the factors of production from unaffiliated cell and module producers, and (2) the selection of the surrogate value for the silver paste factor of production.

In the Remand Results, Commerce has determined to apply neutral facts available with respect to the factors of production from unaffiliated cell and module producers. This decision is consistent with the Risen Remand Order and should be sustained. In addition, Commerce valued Trina's silver paste using the average unit value ("AUV") of Malaysian import data under HTS 7106.92, rather than HTS 7115.90.10, because the subheading is more specific to the silver paste used by Trina and the AUV of imports under that subheading is consistent with benchmark data on the record. See Remand Results, at 9-11. This decision is also consistent with the Court's order and should be sustained. Accordingly, Trina respectfully requests that the Court sustain Commerce's Remand Results with respect to these two issues and enter a final judgment in this action.

    Respectfully submitted,

    Jonathan M. Freed
    **TRADE PACIFIC PLLC**
    700 Pennsylvania Avenue, SE, Suite 500
    Washington, D.C.  20003
    (202) 223-3760

    Counsel to Consolidated Plaintiffs, Trina Solar Co.,

20-3743– Comment on Remand Redetermination

              Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd., Turpan Trina Solar Energy Co., Ltd., Hubei Trina Solar Energy Co., Ltd., Trina Solar (Hefei) Science & Technology Co., Ltd., and Changzhou Trina Hezhong Photoelectric Co., Ltd,.

Dated:  August 4, 2022