UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| RISEN ENERGY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| TRINA SOLAR ENERGY CO., LTD. ET AL., | ) | |
| | ) | |
| Consolidated Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. ET AL., | ) | |
| | ) | |
| Consolidated Plaintiffs and Plaintiff-Intervenors, | ) | Consol. Ct. No. 20-03743 |
| | ) | |
| and | ) | |
| | ) | |
| SHANGHAI BYD CO., LTD. ET AL., | ) | |
| | ) | |
| Consolidated Plaintiffs and Plaintiff-Intervenors | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, and | ) | |
| | ) | |
| SUNPOWER MANUFACTURING OREGON, LLC, | ) | |
| | ) | |
| Defendant-Intervenor and Consolidated Defendant Intervenor | ) | |

**COMMENTS ON FINAL REMAND REDETERMINATION OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF-INTERVENORS JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD. AND JINGAO SOLAR CO., LTD.**

<table>
<tr><td>Dated: August 4, 2022</td><td>/s/ Jeffrey S. Grimson<br>Jeffrey S. Grimson<br>Sarah M. Wyss<br>Bryan P. Cenko<br>Jacob M. Reiskin<br>Mowry & Grimson, PLLC<br>5335 Wisconsin Avenue, Suite 810<br>Washington, DC 20015<br>202-688-3610<br>trade@mowrygrimson.com<br>*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*</td></tr>
</table>

# TABLE OF CONTENTS

**TABLE OF CONTENTS ................................................................................................... I**
**TABLE OF AUTHORITIES ............................................................................................ II**
**INTRODUCTION AND SUMMARY OF THE ARGUMENT ................................... 1**
**STANDARD OF REVIEW ................................................................................................ 1**
**ARGUMENT ........................................................................................................................ 2**
**CONCLUSION .................................................................................................................... 2**

# TABLE OF AUTHORITIES

**Cases**

AG der Dillinger Huttenwerke v. United States, 28 CIT 94, 106, 310 F. Supp. 2d 1347, 1358 (2004).................................................................................................................................2
Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562-63 (Fed. Cir. 1984) ..................................2
NMB Sing. Ltd. v. United States, 28 CIT 1252, 1260, 341 F. Supp. 2d 1327, 1334 (2004) ..........1

**Statutes**

19 U.S.C. § 1516a................................................................................................................................2

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd. (collectively, "JA Solar"), submit these comments in response to the remand redetermination filed by the Department of Commerce ("Commerce") in Risen Energy Co., LTD. v. United States, Consol. Ct. No. 20-03743, slip op. 22-33 (Ct. Int'l Trade Apr. 12, 2022), Final Results of Redetermination Pursuant to Ct. Remand (July 5, 2022) (Public Version), ECF No. 137 ("Final Remand"). In the interests of judicial economy and to avoid unnecessary repetition and duplicative efforts, JA Solar submits these comments to concur with and incorporate by reference all of the arguments presented in remand comments filed by Plaintiff Risen Energy Co., Ltd. ("Risen") and Consolidated Plaintiffs Trina Solar Energy Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd., Turpan Trina Solar Energy Co., Ltd., Hubei Trina Solar Energy Co., Ltd., Trina Solar (Hefei) Science & Technology Co., Ltd., and Changzhou Trina Hezhong Photoelectric Co., Ltd. (collectively, "Trina") in their comments and joins in the request that this Court issue a decision sustaining in part and remanding in part this case to Commerce with instructions to recalculate the dumping margin applicable to Risen, Trina and the separate rate recipients such as JA Solar.

**STANDARD OF REVIEW**

The Court reviews remand determinations for compliance with its remand order. See NMB Sing. Ltd. v. United States, 28 CIT 1252, 1260, 341 F. Supp. 2d 1327, 1334 (2004) (affirming on remand where agency determinations were in accordance with law, supported by substantial evidence and otherwise satisfied the remand order). Any factual findings on remand must be supported by substantial evidence and the agency's legal determinations must be in accordance

with law.  See 19 U.S.C. § 1516a(b)(1)(B)(i); see also, e.g., AG der Dillinger Huttenwerke v. United States, 28 CIT 94, 106, 310 F. Supp. 2d 1347, 1358 (2004).

Further, the Court must sustain Commerce's factual determinations so long as they are reasonable and supported by the record as a whole, even if some evidence detracts from the agency's conclusions.  See Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562-63 (Fed. Cir. 1984) (citation omitted).

## ARGUMENT

JA Solar concurs with and incorporates by reference comments filed by Risen and Trina on Commerce's Final Remand.  In particular, JA Solar agrees with and incorporates the following arguments presented by each mandatory respondent:

(1) Commerce's Final Remand as it relates to valuing backsheet and ethylene vinyl acetate ("EVA") does not comply with this Court's remand order and is unsupported by substantial evidence because additional information that Commerce placed on the record does not justify Commerce's refusal to rely on Risen's own purchasing information and industry information specific to solar backsheet and film to support the classification of these inputs as films.

(2) Commerce's Final Remand decision to apply neutral facts available to Risen's and Trina's unreported factors of production ("FOPs") and to use Harmonized Tariff Schedule ("HTS") subheading 7106.92 to classify silver paste complies with this Court's order and is otherwise supported by substantial evidence.

## CONCLUSION

For the reasons set forth herein and in the comments filed by Risen and Trina, this Court must sustain Commerce's Final Remand as it relates to Commerce's application of neutral facts

available to Risen's and Trina's unreported FOPs and to Commerce's HTS selection for silver paste because it was supported by substantial evidence and otherwise in accordance with law. On the contrary, this Court must remand Commerce's Final Remand as it relates to valuing backsheet and EVA because the Final Remand does not comply with this Court's remand order and is unsupported by substantial evidence.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 4, 2022 | /s/ Jeffrey S. Grimson  <br>Jeffrey S. Grimson  <br>Sarah M. Wyss  <br>Bryan P. Cenko  <br>Jacob M. Reiskin  <br>Mowry & Grimson, PLLC  <br>5335 Wisconsin Avenue, Suite 810  <br>Washington, DC 20015  <br>202-688-3610  <br>trade@mowrygrimson.com  <br>*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.* |

# CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitation set forth in Paragraph 2(b) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 615 words.

                                            Respectfully submitted,

Dated: August 4, 2022                 /s/ Jeffrey S. Grimson
                                                   Jeffrey S. Grimson
                                                   Mowry & Grimson, PLLC
                                                   5335 Wisconsin Avenue, Suite 810
                                                   Washington, DC 20015
                                                   202-688-3610
                                                   trade@mowrygrimson.com
                                                   *Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*