UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD.<br>   Plaintiff,<br><br>TRINA SOLAR ENERGY CO., LTD., JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., ET AL.,<br>   Consolidated Plaintiffs,<br><br>  and<br><br>SHANGHAI BYD CO., LTD., ET AL.,<br>   Plaintiff-Intervenors,<br>  v.<br><br>UNITED STATES,<br>   Defendant,<br><br>  and<br><br>SUNPOWER MANUFACTURING OREGON, LLC,<br>   Defendant-Intervenor. | Consol. Court No. 20-3743 |

## **PLAINTIFF'S COMMENTS ON REMAND REDETERMINATION**

                Gregory S. Menegaz
                J. Kevin Horgan
                Judith L. Holdsworth
                Alexandra H. Salzman
                **deKieffer & Horgan, PLLC**
                Suite 410
                1090 Vermont Ave., N.W. 20005
                Tel: (202) 783-6900
                email: gmenegaz@dhlaw.com
                *Counsel to Plaintiff*

Dated: August 4, 2022

1

# TABLE OF CONTENTS

I.     The Department's surrogate value HTS classification for Backsheet input Remains Unsupported by Substantial Evidence ............................................................ 1

II.     The Department's surrogate value HTS classification for EVA film input Remains Unsupported by Substantial Evidence ............................................................ 4

III.    Conclusion ................................................................................................................ 5

Plaintiff Risen Energy Co., Ltd. ("Risen") hereby files comments on the Department's Remand Results. *See* Remand Results (July 5, 2022); ECF 638; *see also* Slip Op. 22-33 (CIT April 12, 2022). The Court remanded to the Department three issues 1) to reconsider, or further explain, the application of partial adverse facts available (AFA) to unreported FOPs, 2) to reconsider, or further explain, using Malaysian import data HTS 7115.90.1000 to value the silver paste, and 3) to reconsider, or further explain, using Malaysian HTS 3920.62.1000 to value backsheet and Malaysian 3920.10.1900 to value EVA. Under protest, the Department did not apply an adverse inference in selecting from among the facts otherwise available in calculating Trina's and Risen's dumping margins. After reconsidering the record information, the Department placed Malaysian import data for HTS 7106.92.00 on the record and relied on this HTS to value silver paste. Risen supports the Department's determination not to apply AFA and not to rely on Malaysian HTS 7115.90.1000 for silver paste.

For backsheet and EVA, the Department did not change the HTS it relied upon in its Final Results. The Department placed additional information on the record to supposedly support its reliance on these HTS. Risen submits the Department's determination remains unsupported by substantial evidence.

## I. The Department's surrogate value HTS classification for Backsheet input Remains Unsupported by Substantial Evidence.

In the original IDM, the Department reasoned that a "backsheet serves to protect the solar cells in a solar module"; and because the input is called back<u>sheet</u> and protects a solar cell, the Department then made the assumption that it is a rigid product that should be classified under HTS 3920.62.10.00 as a sheet. IDM at Comment 10. The Court held this finding was arbitrary and unsupported by substantial evidence, instructing the Department to address Risen's record evidence that its backsheet is a flexible thin film classifiable under HTS 3920.62.90.00 and

1

explain why Commerce deviated from its historical classification of this input under HTS 3920.62.90.00. Slip Op. 22-33 at 30.

On remand, the Department acknowledged that there is nothing on the record defining the difference between plate, sheet, or film. Remand Results at 13. The Department placed ASTM specifications on the record that discuss plastic sheets as a term with a thickness 0.25mm or greater. The Department then determined that because Risen's backsheet is thicker than 0.25mm, the Department's classification of this input as a sheet is justified. *Id*. The full record yet still does not support this classification.

As explained on the original record, Risen's backsheet is a flexible, thin film that protects the cells. Risen's specifications of its backsheet show that it is sold in rolls, demonstrating that it is flexible. Risen Section D at Exhibit D-36; **PR160 CR134**. Risen placed additional information on the record in this remand proceeding further to support that backsheet is referred to as film, even when thicker than 0.25mm. Risen submitted materials from various solar manufacturers or groups describing the backsheet used in the solar industry in the exact same way as Risen—i.e., as "film." Risen Remand NFI (May 2, 2022) at Exhibit 8. The materials also discuss backsheet film with thickness over 0.25mm and over the thickness of Risen's backsheet. Among these materials was specification information from 3M on its backsheet film, with thicknesses in excess of 0.25mm. Notably, 3M operates in Malaysia, i.e., the primary surrogate country, and the United States. The Department downplayed these additional industry materials, dismissing them as supposed mere marketing materials that do not correspond to the Malaysian HTS or authoritative sources on industry standards for sheet or film. However, the ASTM specifications themselves do not correspond to the Malaysian HTS and are not specific to the solar industry at all, unlike the industry materials submitted by Risen.

The ASTM specifications placed on the record are general guides for plastic film and polyethylene sheeting. The plastic film ASTM is about determining thickness, and only notes that film is an *optional* term for sheeting with a thickness less than 0.25mm. The Department acknowledges this, but still maintains that this ASTM standard D883 on measuring thickness of generic plastic sheeting's mention of an optional term for film is the most definitive information on the record. Remand Results at 18. This ASTM specification sheet is not focused on film compared to sheet or providing definitive, necessary differences between the two terms. The specification is about how to measure plastic sheeting, not about these terms.

Likewise, the polyethylene sheeting ASTM specifications only state that the standard is for a very particular type of extruded and compression-molded sheeting made from low-, medium-, high-density polyethylene and copolymers with a thickness of 0.25mm. It does not discuss that all polyethylene sheets must be over 0.25mm or anything about the terms film versus sheet. The ASTM is merely the specification for that particular product, which is not the same product as used by Risen or in the solar industry at all. The ASTM specifications are not informative of when sheet or film is used in the solar industry or in the Malaysian HTS schedule for that matter.

In contrast, the record information specific to the backsheet used in the solar industry demonstrates that backsheet used in the solar industry is "film" and has thickness in excess of 0.25mm. The Department criticizes that the information provided by Risen are not technical definitions, but rather just merely us the term "film" for this product. Remand Results at 19. However, again, the information provided by the Department are also not definitions and not even related to the solar industry. Surely, the terms used in the actual industry is most

informative. The record taken as a whole, including the information most specific to Risen's purchases, supports relying on HTS 3920.62.90.00 to value this input.

With respect to historical HTS values, the Department acknowledges that the HTS it previously relied upon, Thai HTS 3920.62.00090, did not include plates and sheets of plastic. Remand Results at 19. Indeed, both Thailand and Malaysia are members of ASEAN and have the same tariff schedule for the HTS at issue for this input. The Department merely claims it did not have the ASTM definitions at the time and notes that its decision in *subsequent* review is consistent with its practice here. Notably, the Department did not have the ASTM standards in the subsequent reviews either. The Department changed its practice in this review (prior to having the ASTM standard, which as explained above do not support its classification anyways) and then relied on that unsupported determination in the subsequent reviews. Future action does not justify its determination in this review. Accordingly, the Department's determination to rely upon HTS 3920.62.10.00 in this review remains contrary to established past practice.

The Court should order the Department to properly consider the industry information specific to solar backsheet film and its prior practice and determine the backsheet is best classified under the Malaysian HTS for film. Alternatively, if this Court determines that the record is ambiguous, the Court should order the Department to consider applying an average of the two competing HTS for the input.

**II.     The Department's surrogate value HTS classification for EVA film input Remains Unsupported by Substantial Evidence.**

The Department has not justified its reliance on HTS 3920.10.1900, instead of HTS 3920.10.9000, for EVA. In the original IDM, the Department argued because Risen's EVA input is over 0.5mm thick, the EVA input is a sheet and not a film. On remand, the Department cites to the ASTM specifications discussed above using the term sheet for over 0.25mm.

4

Remand Results at 21. As explained above, the ASTM specifications do not actually define sheet and film definitively in this way, but rather suggest that the term sheet *may* be used when over 0.25mm. Again, the Department treats this term which is specifically stated only as "optional" in a standard about measuring thickness of generic plastic, not on the differences between sheet and film or the solar industry, as definitive for its remand results. As explained above, these ASTM standards are also not specific to the Malaysian HTS and are not specific to the solar industry. The Department's reliance on these standards is not supported.

In contrast, the information on the record specific to Risen's purchases and specific to the solar industry use the term "film" for this input. This is more specific information and should be controlling. The specification sheets of Risen's EVA purchases show that the EVA is not a plate or sheet, but is in flexible films. *See* Risen Final SVs Part II at Exhibit SV2-12 (EVA specifications); **CR412 PR374**. The name of the product purchased by Risen is specifically described as "EVA film." *Id*.

Risen placed additional information on the record in this remand proceeding to also support that EVA is referred to as film, even when thicker than 0.25mm.

Risen submitted materials from various solar groups describing the EVA used in the solar industry in the exact same way as Risen proposes, as "film." Risen Remand NFI (May 2, 2022) at Exhibit 7; **Rem. PR9-42**. The materials also discuss EVA film with thickness over 0.25mm and over the thickness of Risen's EVA. Among these materials, Risen submitted the EVA film specification sheet for use in solar modules from an international company, 3M, which likewise calls this input "film" and signifies the thickness between 0.42-0.65mm. Notably, 3M operates in the United States and Malaysia, the primary surrogate country. The record information specific to solar demonstrates that EVA used in the solar industry is (1) film and (2) has

5

thickness in excess of 0.25mm. Accordingly, the records support reliance upon HTS 3920.10.9000 to value this input, which covers film.

The Department notes that there was an instance in these materials where EVA was referred to as sheet (though Risen notes it is referred to as film in most instances and in Risen's own practice). Remand Results at 22. Then the Department's reasons there is some "imprecise nature" between the terms sheet and film. *Id*. If the Department truly finds ambiguity between the terms, then its determination to rely solely on an HTS for sheet is still not supported. Rather, reliance on both HTS (i.e. the HTS for film and for sheet) could be justified if the Department's claim of ambiguity is credible.

The Department also incorrectly states that the Department relied on Thai HTS 3920.10.1900 to value EVA in the 2016-2017 review. Remand Results at 22. Risen placed the 2016-2017 and 2015-2016 Department SV summary sheet on the record, which show that the Department relied upon HTS 3920.10.000.90 (With the same definition as Malaysian HTS 3920.10.9000[1]) to value this input for Risen in AR 2016-2017 and other respondents in 2015-2016. Risen Final SVs Part I at Exhibit SV2-7 **PR 363-373**. Thus, the history of the Department's classification practice with respect to this input also supports Risen's classification.

The Court should order the Department to properly consider the industry information specific to solar EVA film and its prior practice and determine EVA is best classified under the Malaysian HTS for film. Alternatively, if this Court determines that the record is ambiguous, the

---

[1] Both Thailand and Malaysia are members of ASEAN and have the same tariff schedules and definitions, except that the Thai schedule places zeros in the last 5-digits in a different location (i.e. 9000 compared to 00090, but otherwise has no actual difference in the HTS and the definition is exactly the same. These HTS are the "Other" HTS at the end of a section of HTS where it includes all other HTS not delineated more specifically above.

6

Court should order the Department to consider applying an average of the two competing HTS for the input.

### III.   Conclusion

In light of the foregoing, the Department's *Remand Results* with respect to EVA and Backsheet were not supported by substantial evidence. Plaintiff respectfully requests that the Court remand this case for redetermination of both of these inputs.

                                               Respectfully submitted,

                                               /s/ Gregory S. Menegaz
                                               Gregory S. Menegaz
                                               J. Kevin Horgan
                                               Alexandra H. Salzman*
                                               **DEKIEFFER & HORGAN, PLLC**
                                               Suite 410
                                               1090 Vermont Ave., N.W.  20005
                                               Tel: (202) 783-6900
                                               Fax:  (202) 783-6909
                                               email:  gmenegaz@dhlaw.com
Date: August 4, 2022                        *Counsel to Plaintiff*

                                               *Admitted to California Bar; practice supervised by attorneys of the firm who are active D.C. Bar members pursuant to D.C. Bar Rule 49(c)(8).

## Word Count Certificate of Compliance

This brief has been prepared utilizing Microsoft Word 2007 using a proportionally spaced typeface (12 point Times New Roman font).

In accordance with this Court's Scheduling Order and the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth. Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains **1,986** words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Gregory S. Menegaz

Gregory S. Menegaz
**DEKIEFFER & HORGAN, PLLC**
Suite 410
1090 Vermont Ave., N.W.  20005
Tel: (202) 783-6900
Fax: (202) 783-6909
email: gmenegaz@dhlaw.com
*Counsel to Plaintiff*