UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

RISEN ENERGY CO., LTD.,

       Plaintiff,

TRINA SOLAR ENERGY CO., LTD., ET AL.,

       Consolidated Plaintiffs, and

SHANGHAI BYD CO., LTD., ET AL.,

       Plaintiff-Intervenors,

       v.

UNITED STATES,

       Defendant, and

SUNPOWER MANUFACTURING OREGON, LLC,

       Defendant-Intervenor and Consolidated
       Defendant-Intervenor.

Consol. Court No. 20-03743

**SHANGHAI BYD CO., LTD. AND CANADIAN SOLAR INC. ET AL.'S
COMMENTS ON FINAL RESULTS OF REMAND REDETERMINATION**

Jonathan T. Stoel
Craig A. Lewis
HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
Phone: +1.202.637.5600
Fax: +1.202.637.5910

*Counsel to Shanghai BYD Co., Ltd. and
Canadian Solar Inc., et al.*

August 4, 2022

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................. 2

    A. THE COURT SHOULD AFFIRM COMMERCE'S APPLICATION OF PARTIAL NEUTRAL FACTS AVAILABLE TO RISEN'S AND TRINA'S DUMPING MARGINS ...................................................................................... 3

    B. THE COURT SHOULD AFFIRM COMMERCE'S VALUATION OF SILVER PASTE USING MALAYSIAN IMPORT DATA FOR HTS 7106.92.00 ............. 4

    C. THE COURT SHOULD REMAND COMMERCE'S VALUATION OF BACKSHEETS ....................................................................................................... 5

    D. THE COURT SHOULD REMAND COMMERCE'S VALUATION OF EVA ... 8

    E. THE SEPARATE RATE CALCULATION SHOULD BE REVISED CONSISTENT WITH REVISIONS MADE TO THE MANDATORY RESPONDENT RATES ...................................................................................... 9

II. CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Novosteel SA v. United States,* 284 F.3d 1261, 1276 (Fed.Cir. 2002) .......................................... 8

**Administrative Determinations**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 85 Fed. Reg. 79,165 (Dep't Commerce Dec. 9, 2020) (notice of correction to the final results of the 2017-2018 antidumping duty administrative review) ........................ 1

**SHANGHAI BYD CO., LTD. AND CANADIAN SOLAR INC. ET AL.'S
COMMENTS ON FINAL RESULTS OF REMAND REDETERMINATION**

Shanghai BYD Co., Ltd., ("BYD") in its role as consolidated plaintiff and plaintiff intervenor, and plaintiff-intervenors Canadian Solar Inc., Canadian Solar International Limited, Canadian Solar Manufacturing (Changshu), Inc., Canadian Solar Manufacturing (Luoyang), Inc., CSI Cells Co., Ltd., and Canadian Solar (USA) Inc. (collectively, "Canadian Solar") hereby submit the following objections to the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand (July 5, 2022), ECF No. 137 ("*Remand Determination*").

The *Remand Determination* was issued pursuant to the opinion and order of the Court in this action, *Risen Energy Co., Ltd. v. United States*, Consol. Court No. 20-03743, Slip Op. 22-33 (Ct. Int'l Trade April 4, 2022), ECF No. 132 ("Slip Op. 22-33"). The *Remand Determination* concerns the final results of the 2017-2018 administrative review of the antidumping order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 85 Fed. Reg. 62,275 (Dep't Commerce Oct. 2, 2020) (final results of antidumping duty administrative review and final determination of no shipments; 2017-2018) (P.R. 478), and accompanying Issues and Decision Memorandum (Sept. 28, 2020) (P.R. 468), as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 85 Fed. Reg. 79,165 (Dep't Commerce Dec. 9, 2020) (notice of correction to the final results of the 2017-2018 antidumping duty administrative review).

# I. ARGUMENT

At issue are five decisions made by Commerce on remand: (1) the determination to apply partial neutral facts available with respect to mandatory respondents Trina Solar Co., Ltd. et. al.'s ("Trina") and Risen Energy Co., Ltd.'s ("Risen") unreported factors of production ("FOP") data from unaffiliated producers; (2) the valuation of silver paste; (3) the valuation of backsheets; (4) the valuation of ethyl vinyl acetate ("EVA"), and (5) the separate rate calculation applicable to non-investigated respondents, such as BYD and Canadian Solar. In the *Remand Determination,* Commerce valued silver paste using Malaysian import data for HTS 7106.92.00 rather than HTS 7115.90.1000, and, under respectful protest, did not apply an adverse inference in selecting from among the facts otherwise available in calculating Trina's and Risen's dumping margins. Additionally, Commerce continued to value Risen's backsheets and EVA using Malaysian import data under HTS 3920.62.1000 and HTS 3920.10.1900, respectively, and recalculated the dumping margins of the mandatory respondents and revised weighted-average dumping margin for separate rate respondents, including BYD and Canadian Solar, consistent with the Court's remand order.

As discussed below, Canadian Solar and BYD agree with Commerce's *Remand Determination* with respect to: the application of neutral facts available to unreported unaffiliated supplier FOP data, the valuation of silver paste, and determining the separate rate calculation on the basis of the revised margins of dumping of the mandatory respondents. Canadian Solar and BYD disagree and object, however, to Commerce's determination on remand with respect to the remaining two issues, namely: the valuation of backsheets and EVA.

BYD and Canadian Solar support the comments submitted to the Court on these issues by plaintiffs and mandatory respondents Trina and Risen. For purposes of brevity, BYD and Canadian Solar will not repeat those comments. BYD and Canadian Solar instead support and

hereby incorporate those comments by reference. BYD and Canadian Solar also offer the following limited additional comments for the Court's consideration.

### A. THE COURT SHOULD AFFIRM COMMERCE'S APPLICATION OF PARTIAL NEUTRAL FACTS AVAILABLE TO RISEN'S AND TRINA'S DUMPING MARGINS

In the opinion and order of the Court in this action, this Court found that Commerce's application of partial AFA in calculating Risen's and Trina's weighted-average dumping margins was unlawful and unsupported by substantial evidence because Commerce failed: (1) to demonstrate that Risen and Trina did not cooperate to the best of their ability in light of record evidence that both companies attempted to obtain FOP data from their unaffiliated producers; (2) to demonstrate that Trina and Risen failed to cooperate by continuing to do business with the non-cooperative unaffiliated producers; (3) to demonstrate that Risen and Trina had sufficient leverage to induce cooperation from the unaffiliated producers given that the record shows that Trina and Risen threatened to withhold business from the unaffiliated producers but still did not induce their cooperation; (4) to show a possibility of duty evasion by the non-cooperative unaffiliated producers in light of the fact that none of the uncooperative unaffiliated producers are mandatory respondents or named Chinese exporters of subject merchandise, and therefore, there is no rate for them to evade; and (5) to explain why the use of the highest FOP consumption rates results in a more accurate dumping margin. The Court remanded to Commerce to further explain or reconsider its application of partial AFA in calculating Risen and Trina's dumping margins.

In response to this Court's invitation to address these concerns on remand, Commerce has now determined "under respectful protest" to not apply an adverse inference in selecting from the facts otherwise available to account for the unreported FOP data of unaffiliated producers used to calculate Risen's and Trina's dumping margins. *Remand Determination* at 7. Instead, Commerce has applied partial "neutral" facts available. *Remand Determination* at 7.

Commerce's determination to apply neutral facts available with respect to the unreported data from suppliers is consistent with the Court's opinion and remand instructions and is supported by substantial evidence on the record. In the absence of any evidence or explanations supporting a contrary determination, Commerce lacked evidence or a legal basis to apply adverse facts available with respect to the unreported FOP data. Canadian Solar and BYD further agree with and incorporate by reference the additional arguments presented by the mandatory respondents Risen and Trina with respect to this issue.

### B. THE COURT SHOULD AFFIRM COMMERCE'S VALUATION OF SILVER PASTE USING MALAYSIAN IMPORT DATA FOR HTS 7106.92.00

This Court held that Commerce failed to sufficiently justify its conclusion that the Malaysian average unit import value (AUV) for HTS 7115.90.10.00 is a reliable surrogate to value silver paste in light of detracting record evidence that the value (8,645.31 US/kg) is aberrant and not reflective of the commercial reality of solar cell and module production. Slip Op. 22-33 at 22-28.

In their comments on the factual information placed on the record of this remand by Commerce: (1) Trina advocated for, and provided factual information in support of, valuing silver paste using Malaysian import data under HTS 7106.92; (2) Canadian Solar and BYD agreed with Trina; and (3) Risen provided extensive factual information regarding, but did not comment on, silver paste. In response, Commerce has determined to value silver paste using Malaysian import data for HTS 7106.92.00 rather than HTS 7115.90.10.00. *Remand Determination* at 9.

Commerce's determination to value silver paste using Malaysian import data for HTS 7106.92.00 rather than HTS 7115.90.10.00 is based on the finding that subheading 7106.92.00 "is more specific to silver paste used by Risen and Trina and the AUV of imports under that subheading is consistent with benchmark data on the record." *Remand Determination* at 9. In the

*Remand Determination*, Commerce has identified and explained the additional evidence supporting this determination including the fact that Malaysian HTS 7106.92 "covers forms of silver, while HTS 7115.90.10 covers other precious metals in addition to silver, such as gold and platinum" and evidence placed on the record by Trina showing that Malaysian customs officials classify the type of silver paste used in solar cell production under HTS 7106.92 rather than HTS 7115.90.10. *Remand Determination* at 9-10. Commerce also cited various benchmark data on the record indicating that the AUV of imports under the Malaysian HTS 7106.92 is reliable. *Remand Determination* at 10-11.

Commerce's determination to rely on the Malaysian import data for HTS 7106.92.00 is accordingly supported by substantial evidence on the record for the reasons identified by Commerce. BYD and Canadian Solar further agree with and incorporate by reference the additional arguments presented by the mandatory respondents Risen and Trina with respect to this issue.

### C. THE COURT SHOULD REMAND COMMERCE'S VALUATION OF BACKSHEETS

This Court held that Commerce's backsheets valuation using import data for Malaysian HTS 3920.62.1000, covering plates and sheets of poly(ethylene terephthalate) ("PET"), is unsupported by substantial evidence and arbitrary. Specifically, the Court held that Commerce failed to address record evidence or explain why its valuation is reasonable in light of detracting evidence that backsheets are thin and flexible and therefore meet Commerce's definition of "film". Slip Op. 22-33 at 29.

The Court further held that Commerce's determination was arbitrary because it lacked explanation for Commerce's deviation from historical treatment of backsheets under HTS classifications comparable to Malaysia HTS 3920.62.9000, covering plates and sheets of PET

other than rigid, when the record indicates that Risen's backsheets are the same as those used by respondents in past reviews. Slip Op. 22-33 at 30. The Court also concluded that Commerce did not explain how the record as a whole supports its determination that backsheets are sheets. Slip Op. 22-33 at 30-31. As a result, the Court ordered that Commerce address detracting record evidence that backsheets meet Commerce's definition of film should it continue to value Risen's backsheets using Malaysia HTS 3920.62.1000. *Remand Opinion and Order* at 31.

On remand, Commerce has reaffirmed its original determination to value Risen's backsheets using the average unit value ("AUV") of Malaysian imports under HTS 3920.62.1000 covering plates and sheets of PET rather than the category covering non-plates and sheets (e.g., film). *Remand Determination* at 15. Commerce has tried to offer additional explanation for its finding, stating that there was no definition on the record for sheet and film aside from the ASTM Abstracts on the remand record, which indicate that Risen's backsheets' thickness is consistent with sheet, rather than film. *Remand Determination* at 13. Commerce further emphasizes that no interested party submitted evidence to rebut the ASTM Abstracts. *Remand Determination* at 14. Lastly, Commerce argues that using an HTS category that covers plates and sheets is consistent with a prior approach. *Remand Determination* at 14-15.

Canadian Solar and BYD disagree with Commerce's conclusions on remand. The record does not support a finding that Malaysia HTS 3920.62.1000 should be used to value Risen's backsheets. As Risen noted in comments filed with Commerce, the two ASTM abstracts that Commerce placed on the record of this remand to distinguish film from sheet, based on thickness, are not intended to be used for that purpose. *Remand Determination* at 15. Rather, one ASTM abstract provides guidelines for determining plastic film's thickness and merely contains a reference that film is an optional term for sheeting that has a thickness of less than 0.25mm. The

second ASTM abstract references the standard specification for extruded and compression-molded sheeting equal to or greater than 0.25mm thick that is made from low-, medium-, and high-density polyethylenes and copolymers. This second ASTM abstract does not indicate that all polyethylene sheets are greater than 0.25mm thick, does not apply to the film product used by Risen or in the solar industry, does not discuss the terms "film" or "sheet," and does not provide any information about how the terms "film" and "sheet" are used in the solar industry or defined in the Malaysian HTS. *Remand Determination* at 16.

In contrast, the record information provided by Risen demonstrates that the backsheets used in the solar industry are "film" and are thicker than 0.25mm. *Remand Determination* at 16. It was, accordingly, unreasonable for Commerce to have rejected HTS 3920.62.90.00 to value Risen's backsheets.

As Risen further argued, although Commerce claims that valuing backsheets using an HTS category covering plates and sheets (*i.e.*, Malaysian imports under HTS 3920.62.1000 (Of Poly(Ethylene Terephthalate): Plates And Sheets)) is not inconsistent with its prior practice in this proceeding, this statement is based on a misreading of the tariff schedule. *Remand Determination* at 16. The Thai HTS category used by Commerce to value backsheets in prior segments of this proceeding, Thai HTS 3920.62.00090, is an "Other" HTS category that covers items not covered by the lower numbered HTS categories listed above that number in the HTS. Since Thai HTS 3920.62.00010 specifically covers plates and sheets, the "Other" Thai HTS 3920.62.00090 does cover film—not plates and sheets. *Remand Determination* at 16. Accordingly, Commerce's use of Malaysian HTS 3920.62.1000, which covers plates and sheets, to value backsheets is contrary to its established practice in this proceeding.

Commerce's rebuttal to these arguments is that "there is only one definition of film on the record" and that definition is provided in a note to specification ASTM D6988-13 referencing ASTM standard D883. *Remand Determination* at 17. However, Commerce also admits that this specification is not specifically related to backsheet and points to no evidence that the specification applies to backsheets used in the solar industry. Nor does Commerce identify any information supporting the conclusion that the ASTM definition is has chosen to rely on is applied for purposes of classification under the Malaysian HTS. Commerce's conclusion that the ASTM definition is relevant to the Malaysian tariff schedule is speculative, and speculation is not a substitute for substantial evidence. *Novosteel SA v. United States,* 284 F.3d 1261, 1276 (Fed.Cir. 2002) (Dyk, J., dissenting) ("It is well established that speculation does not constitute 'substantial evidence.' "). BYD and Canadian Solar further agree with and incorporate by reference the additional arguments on this point presented by the mandatory respondent Risen with respect to this issue.

### D. THE COURT SHOULD REMAND COMMERCE'S VALUATION OF EVA

The Court also held that Commerce's valuation of EVA using import values for plates and sheets (*i.e.*, Malaysian imports of HTS 3920.10.1900 ("Polymers Of Ethylene: Plates And Sheets: Other Than Rigid")) was not supported by substantial evidence and it remanded this decision to Commerce for reconsideration or further explanation. *Remand Opinion and Order* at 28. The Court held that Commerce failed to address detracting record evidence that Risen's EVA is flexible and described as film. *Remand Opinion and Order* at 29. As a result, the Court stated that Commerce should address detracting record evidence and explain its departure from its historical treatment of EVA should it continue to value EVA using Malaysian HTS 3920.10.1900. *Remand Opinion and Order* at 29.

On remand, Commerce has reaffirmed its original determination to value EVA using the AUV of Malaysian imports under HTS 3920.10.1900 ("Polymers of Ethylene: Plates and Sheets:

Other Than Rigid") rather than HTS 3920.10.9000 ("Polymers of Ehtylene – Other"). *Remand Determination* at 20-21. Relying on the same definition of "film" discussed above with reference to backsheets, Commerce has concluded that Risen's EVA does not meet the ASTM definition of film. *Remand Determination* at 21. Moreover, Commerce argues that using HTS 3920.10.1900 to value Risen's EVA is consistent with the surrogate source from Thailand used in a previous administrative review in this proceeding. *Remand Determination* at 22.

BYD and Canadian Solar disagree with Commerce's conclusions. The record does not support a finding that Malaysia HTS 3920.10.1900 should be used to value EVA. For the same reasons discussed above with respect to backsheet, BYD and Canadian Solar submit that Commerce's reliance on the ASTM D883 definition of "film" for this purpose is not supported by substantial evidence. BYD and Canadian Solar further agree with and incorporate by reference the additional arguments on this point presented by the mandatory respondent Risen with respect to this issue.

## E. THE SEPARATE RATE CALCULATION SHOULD BE REVISED CONSISTENT WITH REVISIONS MADE TO THE MANDATORY RESPONDENT RATES

Commerce has determined to reconsider its separate rate calculation given the changes to the mandatory respondents' dumping margins. *Remand Determination* at 27. The decision to use the revised margins of dumping determined for the mandatory respondents to recalculate the margin of dumping assigned to the separate rate respondents, including Canadian Solar and BYD, is consistent with the Court's remand order. However, Canadian Solar and BYD submit that the margins used for this purposes must be further adjusted to reflect the concerns raised above with respect to the surrogate values used for backsheet and EVA.

## II.     CONCLUSION

For the foregoing reasons, and those submitted in Risen's and Trina's comments, Canadian Solar and BYD respectfully request that this Court sustain Commerce's *Remand Determination*.

Respectfully submitted,

/s/ Jonathan T. Stoel
Jonathan T. Stoel
Craig A. Lewis

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
Phone: +1.202.637.5600
Fax: +1.202.637.5910
E-mail: jonathan.stoel@hoganlovells.com

*Counsel to Shanghai BYD Co., Ltd. and Canadian Solar Inc. et al.*

Dated: August 4, 2022

**CERTIFICATE OF COMPLIANCE**

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jonathan T. Stoel, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, and signature block, the word count for this brief is 2,705 words. This brief thus complies with the Standard Chambers Procedures, which permits responses to the agency's remand determination of 10,000 words or fewer.

Respectfully submitted,

*/s/* Jonathan T. Stoel
Jonathan T. Stoel
Craig A. Lewis

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
Phone: +1.202.637.5600
Fax: +1.202.637.5910
E-mail: jonathan.stoel@hoganlovells.com

*Counsel to Shanghai BYD Co., Ltd. and Canadian Solar Inc. et al.*

Dated: August 4, 2022