## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| **RISEN ENERGY CO., LTD.,** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **TRINA SOLAR ENERGY CO., LTD. ET AL.,** | ) |
| | ) |
| **Consolidated Plaintiffs,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. ET AL.,** | ) |
| | ) |
| **Consolidated Plaintiffs and** | ) Consol. Ct. No. 20-03743 |
| **Plaintiff-Intervenors,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **SHANGHAI BYD CO., LTD. ET AL.,** | ) |
| | ) |
| **Consolidated Plaintiffs and** | ) |
| **Plaintiff-Intervenors** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant, and** | ) |
| | ) |
| **SUNPOWER MANUFACTURING OREGON, LLC,** | ) |
| | ) |
| **Defendant-Intervenor and** | ) |
| **Consolidated Defendant Intervenor** | ) |
| | ) |

## COMMENTS ON FINAL REMAND REDETERMINATION OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF-INTERVENORS JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD. AND JINGAO SOLAR CO., LTD.

Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou
Co., Ltd., Shanghai JA Solar Technology
Co., Ltd. and JingAo Solar Co., Ltd.*

Dated: July 21, 2025

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION AND SUMMARY OF THE ARGUMENT ..................................................... 1

STANDARD OF REVIEW ............................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

CONCLUSION ............................................................................................................................... 2

## TABLE OF AUTHORITIES

**Cases**

AG der Dillinger Huttenwerke v. United States,
    28 CIT 94, 310 F. Supp. 2d 1347 (2004) ................................................................................ 2

Atl. Sugar, Ltd. v. United States,
    744 F.2d 1556 (Fed. Cir. 1984) ............................................................................................ 2

NMB Sing. Ltd. v. United States,
    28 CIT 1252, 341 F. Supp. 2d 1327 (2004) ........................................................................ 1

**Statutes**

19 U.S.C. § 1516a ............................................................................................................................ 2

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd. (collectively, "JA Solar"), submit these comments in response to the second remand redetermination filed by the Department of Commerce ("Commerce") in Risen Energy Co., LTD. v. United States, 122 F.th 1348, 1359 (Fed. Cir. 2024) (vacating the Court of International Trade's opinion sustaining Commerce's surrogate financial ratio calculation for overhead and remanding back to the agency): see also Risen Energy Co., Ltd., et al. v. United States, Consol. Court No. 20-03743, ECF No. 173 (Ct. Int'l Trade January 30, 2025) (Remand Order), Final Results of Redetermination Pursuant to Ct. Remand (May 20, 2025) (Public Version), ECF No. 179 ("Second Final Remand").  In the interests of judicial economy and to avoid unnecessary repetition and duplicative efforts, JA Solar submits these comments to concur with and incorporate by reference all of the arguments presented in remand comments filed by Plaintiff Risen Energy Co., Ltd. ("Risen") in its comments and joins in the request that this Court issue a decision remanding this case to Commerce with instructions to recalculate the dumping margin applicable to Risen, and the separate rate recipients such as JA Solar.

## STANDARD OF REVIEW

The Court reviews remand determinations for compliance with its remand order.  See NMB Sing. Ltd. v. United States, 28 CIT 1252, 1260, 341 F. Supp. 2d 1327, 1334 (2004) (affirming on remand where agency determinations were in accordance with law, supported by substantial evidence and otherwise satisfied the remand order).  Any factual findings on remand must be supported by substantial evidence and the agency's legal determinations must be in accordance with law.  See 19 U.S.C. § 1516a(b)(1)(B)(i); see also, e.g., AG der Dillinger Huttenwerke v.

United States, 28 CIT 94, 106, 310 F. Supp. 2d 1347, 1358 (2004).

Further, the Court must sustain Commerce's factual determinations so long as they are reasonable and supported by the record as a whole, even if some evidence detracts from the agency's conclusions.  See Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562-63 (Fed. Cir. 1984) (citation omitted).

## ARGUMENT

JA Solar concurs with and incorporates by reference the comments filed by Risen on Commerce's Second Final Remand.  In particular, JA Solar agrees with and incorporates the following argument presented by Risen:

(1) Commerce's surrogate financial ratio calculation for overhead in the Second Final Remand does not comply with the Federal Circuit's opinion, nor this court's Remand Order and is not supported by substantial evidence, and should be remanded back to Commerce.

## CONCLUSION

For the reasons set forth herein and in the comments filed by Risen, this Court must remand Commerce's Second Final Remand as it relates to the financial ratio calculation for overhead because the Second Final Remand does not comply with this Court's remand order and is unsupported by substantial evidence.

Respectfully submitted,

Dated: July 21, 2025

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou
Co., Ltd., Shanghai JA Solar Technology
Co., Ltd. and JingAo Solar Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitation set forth in Paragraph 2(b) of the Standard Chamber Procedures.  Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 480 words.

Respectfully submitted,

Dated: July  21, 2025

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd. and JingAo Solar Co., Ltd.*